[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS FOR SUMMARY JUDGMENT
This is an action for declaratory judgment filed by the plaintiff, Hertz Corporation, against the defendants, Chubb Group of Insurance Companies Federal Insurance Company ("Federal"), United Services Automobile Association ("USAA"), Ruth Schwenke, and BBI Marketing Services, Inc. ("BBI Marketing"), involving an accident on October 5, 1995, between an automobile rented from Hertz and operated by Schwenke an employee of BBI Marketing with an automobile operated by Tabu West and occupied by Treemonisha Cabassa. As a result of the accident, West and Cabassa commenced suit for personal injuries against Hertz, Schwenke and BBI Marketing.
Subsequently, Hertz learned that at the time of the accident, Schwenke was insured under a BBI Marketing business auto policy issued by Federal and under her personal automobile policy issued by USAA. Hertz now claims that such coverage is primary to the coverage provided by it under the rental car agreement. Federal maintains that the "insurance" provided by Hertz under the rental car agreement is primary, while Federal's coverage is secondary. The defendant USAA makes a similar argument.
The plaintiff seeks a declaratory judgment from the court declaring that any liability protection afforded the defendant Schwenke under the rental contract is excess to the liability coverage afforded the defendant Schwenke under the business auto policy issued by the defendant Federal and under the personal policy issued by the defendant USAA and that the defendants Federal and USAA are obligated to defend and indemnify Schwenke for any claims arising out of the October 5, 1995 accident.
Both Hertz on the one hand and the defendants, Chubb Group of Insurance Co. Federal Insurance Co., BBI Marketing and USAA on the other hand have filed motions for summary judgment.
 I
The rental car agreement between Hertz and Schwenke, filed as an exhibit to the plaintiff's memorandum of law, shows that Schwenke declined the optional liability protection offered by the plaintiff known as Liability Insurance Supplement (LIS). The agreement provided: "LIS declined- Hertz liability protection is secondary." Schwenke initialed her acknowledgment and agreement with this condition. Immediately below Schwenke's initials appears the following: "By your declining the optional liability CT Page 1967 insurance supplement (LIS), Paragraph 10(B) of the Rental Agreement terms and conditions applies to this rental. By signing below, you accept the terms of this Agreement and you agree that any insurance that provides coverage to you or to an authorized operator shall be primary. . . . "
The defendants, Federal and BBI Marketing, argue in opposition to the plaintiff's motion for summary judgment and in support of their own motion that under the "other insurance" clause of the business auto policy issued by Federal, the insurance provided by the defendants is excess over any other collectible insurance. The defendants argue, therefore, that the court should find that the plaintiff's coverage is primary for any an all claims arising out of the subject automobile accident involving the vehicle rented by the defendant Schwenke.
In The Hertz Company v. Federal Insurance Company, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 559741 (October 22, 1997, Wagner, J.), this court held that self insurance does not constitute other insurance," and therefore, because the plaintiff Hertz in that case was self insured, the defendant's coverage of the vehicle involved in the accident was primary and the plaintiff's coverage was secondary. Based on this holding and the fact that Hertz in the present case, is self insured, the defendants' argument that the "other insurance" clause of its policy provides that the plaintiff's coverage is primary is unpersuasive. In accord:Agency Rent-A-Car v. ITT Hartford Accident and IndemnityCo., 20 Conn. L. Rptr. No. 19 (February 2, 1998, Freed, J.).
 II
Moreover, the plaintiff argues that even if the court were to find that self insurance does constitute other insurance, the terms of Federal's insurance policy dictate that Federal's insurance is primary. The provisions of Federal's policy dealing with "other insurance" provide that "[f]or any covered `auto' you own, this Coverage Form provides primary insurance. For any covered auto' you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. . . . " The policy further provides that "[r]egardless of the provisions of paragraph a. above, the Coverage Form's Liability Coverage is primary for any liability assumed under an `insured contract."' An "insured contract" includes "[t]hat part of any contract or agreement entered into, as part CT Page 1968 of your business, pertaining to the rental or lease, by you or any of your employees, of any `auto.'. . . "
The parties have stipulated that Schwenke rented the vehicle while acting within the scope of her employment with BBI Marketing. Schwenke entered into an agreement with the plaintiff for the rental of the vehicle involved in the accident. The contract terms alone, even if self insurance could constitute other collectible insurance under Federal's policy, require the conclusion that Federal's liability is primary for any liability assumed under that contract.
For the above reasons, plaintiff's motion for summary judgment is granted and defendant's motion for summary judgment is denied.
Jerry Wagner Judge Trial Referee